IN THE JUVENILE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

FILED IN THE
HOUSTON CO. JUVENILE COURT
2010 NOV -1 PM 1:57

_____
CLERK

PANDITA CHARM-JOY SEAMAN, )
)
    Petitioner, )
) Case No.: _____
In Re: )
)
T   L    F   P     n, b      ey )
2      2, age eight (8) years; )
)
C    r  F    D     born )
            9, age six (6) years; )
)
R      T   P         il )
5, age five (5) years; and, )
)
S    A   S   P     , born )
           8, age three (3) years. )

## DEPRIVATION PETITION

**COMES NOW** Petitioner, **PANDITA CHARM-JOY SEAMAN**, in the above-styled case, by and through counsel of record, **A. James Rockefeller, Esq.**, the Rockefeller Law Center, P.C., and shows as follows:

1.

Petitioner is a resident of Guadalajara, Mexico, but is coming to the United States to stay temporarily with friends to retrieve her children.

2.

The minor children at issue, T  L    e F   P    , C    D   P    , R     T   P    m, and S    a A    h S      n, are currently residing in Houston County, Georgia, pursuant to a juvenile court deprivation order entered by this Court. Prior to that, these children were living in and residents of the Country of Mexico and had been living there for approximately three (3) years. There is no other State in the United States that would have jurisdiction of deprivation issues concerning the children and, for purposes of jurisdiction and venue in this action, Georgia is the "home state" of the children and Houston County is their county of residence.

3.

**John Kennedy Peterson** is the biological and legal father of the children. He is a

Rockefeller Law
Center, PC
102 Tommy Stalnaker Dr.
PO Box 7385
Warner Robins, GA 31095
Telephone: (478) 953-6955
Facsimile: (478) 953-7364


PLAINTIFF'S EXHIBIT 12

resident of the State of Georgia and Houston County, and has essentially been living in Houston County since sometime in September of 2010.

4.

**John Kennedy Peterson** and Petitioner are currently married and all children at issue were born during their marriage; there is presently no divorce action filed.

5.

Until **October 2, 2010,** the minor children and Petitioner were all living together in Mexico and had been living together without their Father for at least five (5) months.

6.

The minor children at issue are currently in the physical custody of the Father, although Petitioner disputes the legality of the circumstances in which he obtained custody of the children.

7.

There is no other State capable of exercising original jurisdiction over custody issues concerning the children.

8.

Given that the children are currently residing in Houston County, and given that **John Kennedy Peterson** has already invoked the jurisdiction of this Court for purposes of his own deprivation action against Petitioner, custody and visitation issues concerning the minor children at issue are subject to the jurisdiction of this Court.

9.

The "home state" of the minor children for purpose of original custody, jurisdiction and venue are vested with this Court. O.C.G.A. § 19-9-81, et. seq. and O.C.G.A. § 19-11-100, et seq..

10.

Petitioner shows that said children have resided with the parties herein since their birth, that no proceeding other than this action, and the Father's deprivation action filed with this Court, has ever been initiated concerning the custody of said children, and Petitioner knows of no individual other than the parties to this action who have any claim of custody or visitation rights concerning said children.

11.

The children's Father spirited the children from Petitioner, including across international boundaries, under false pretenses, having been ordered by a Mexican Magistrate to return the children to Petitioner after visiting with them for the day in Mexico. (See attached, "Conciliatory Hearing" incorporated herein as Exhibit A.)

12.

The children's Father is not a capable and fit parent, has never spent any significant time caring for the children, does not properly nurture them, and is violent and emotionally unpredictable. (See attached, "Affidavit of Pandita Seaman" incorporated herein as Exhibit B.)

13.

The Petitioner alleges that these children are in need of the protection of this Court and is "deprived," pursuant to O.C.G.A. §15-11-2(8)(A), due to the following conditions and circumstances:

(a) **John Kennedy Peterson** is not providing the minor children with a nurturing home environment;

(b) **John Kennedy Peterson** has not provided a safe and moral environment for said children, in that he is violent and abusive to the children; and,

(c) ~~John Kennedy Peterson has not provided a safe and moral environment for said~~ children, in that he has "stolen" the children out of Mexico under false pretenses and falsely obtained a juvenile court order to obtain custody of them.

14.

The children are not currently in shelter care facilities under the supervision of the Houston County Department of Family and Children's Services.

15.

Petitioner does not have any information of any custody proceeding concerning the children pending in a court in this or any other state, other than the deprivation action filed by **John Kennedy Peterson** with this Court.

16.

Petitioner does not know of any person not a party to the proceeding who has physical

custody of the children or who claims to have custody or visitation rights with respect to the minor children.

17.

Petitioner is physically and financially capable of providing a safe and moral environment and the necessities, to properly care for the minor children; and, will do so, if given custody and control of the minor children by this Court.

18.

Based on the foregoing, Petitioner submits that it is in the best interests of and the public, that this action be brought and that Petitioner be given temporary and permanent exclusive physical and legal custody of the minor children and that any of **John Kennedy Peterson**'s custodial and legal rights be permanently revoked.

19.

WHEREFORE, Petitioner demands as follows:

(a) An Order be issued placing the minor children, D. ~~~~~~~~, in the custody of the Petitioner and that legal and physical custody of the minor children be temporarily and permanently transferred to Petitioner;

(b) That Petitioner shall have such other and further relief as the Court may consider equitable and appropriate under the circumstances;

(c) That a Rule Nisi issue requiring **John Kennedy Peterson** to show cause why the temporary relief requested in this Complaint should not be granted; and,

(d) That process issue as provided by law.

**WHEREFORE**, the Petitioner prays that process issue, directed to the parties hereto, requiring them to appear before this Court to answer the allegations of this petition, and an Order may be obtained placing the children in the custody of the Petitioner at the above stated address.

**Respectfully submitted**, this 18 day of November, 2010

By: _____
A. James Rockefeller, Esq.
Attorney at Law
State Bar Number: 611214

Page -4-

The above petition is approved to be filed in the best interest of the public and the named children.

This ____ day of November, 2010

By: _____
COURT DESIGNEE

## VERIFICATION

I hereby swear and affirm that the information included in the within and foregoing "DEPRIVATION PETITION" is true and correct to the best of my knowledge, information and belief.

This 29 day of October, 2010.

_____
Signature of Client

Pandita Charm-Say Sauman
Print Name
ID:

Sworn To And Subscribed
This 29 day of October, 2010.

EL PRESENTE DOCUMENTO UNICAMENTE
CERTIFICA SU FIRMA PUESTA EN MI PRESENCIA.

NOTARY PUBLIC
LIC. ANTONIO ASSULTO RUIZ
NOTARIO PUBLICO
CHAPALA, JALISCO,
COMM.: FOR LIFE



**STATE OF GEORGIA**

**COUNTY OF HOUSTON**

### VERIFICATION

I hereby swear and affirm that the information included in the within and foregoing **"DEPRIVATION PETITION"** is true and correct to the best of my knowledge, information and belief.

This ___9___ day of November, 2010.

_____
Signature of **PANDITA CHARM-JOY SEAMAN**

_Pandita C-J Seaman_
Print Name

Sworn To And Subscribed
This ___9___ day of November, 2010.

_____
NOTARY PUBLIC

[Notary Seal: SHATARI CHEEVER, NOTARY PUBLIC, HOUSTON COUNTY, GEORGIA, MY COMMISSION EXPIRES JULY 14, 2013]