FILED
CLERK'S OFFICE

MAR 13 2003

SUPERIOR COURT OF
BIBB COUNTY, GEORGIA

Vicki d'Aultry

IN THE SUPERIOR COURT OF BIBB COUNTY

STATE OF GEORGIA

KRISTI BROWN PETERSON,         *
                               *
    Plaintiff,                 *
                               *
v.                             *   CIVIL ACTION NO. 01CV11906
                               *
JOHN KENNEDY PETERSON,         *
                               *
    Defendant.                 *

## FINAL ORDER INCORPORATING AGREEMENT

This matter was originally filed in this Court on February 2, 2001, and the plaintiff sought relief from family violence and a modification of visitation seeking to prevent further visitation by the defendant with the minor child of the parties. An ex-parte order was entered at that time granting the relief requested by the plaintiff. The complaint was subsequently amended setting forth more specific grounds upon which the request to terminate visitation was based. A subsequent amendment further clarified such issues. A temporary restraining order was entered which restrained the defendant's visitation and contact with the child of the parties. This Court appointed a guardian ad litem on July 24, 2001. A supervised visitation schedule was established, and the guardian ad litem supervised a number of visits between the defendant and the child of the parties.

Beginning in January, 2002, the guardian ad litem ceased to be able to reach the defendant. In a report dated April 23, 2002, the guardian indicated that no visitation had occurred since January 8, 2002, and that the father had reported to the guardian ad litem that he



PLAINTIFF'S EXHIBIT 31

MICROFILM DOCUMENT CONTROL 7593  4
CAMERA OPERATOR S. M.

Peterson v. Peterson
Page 2

had decided that he would make no further attempts to see the child. As of this date, the defendant has not visited with the child since January 8, 2002. However, at some point subsequent to the submission by the guardian ad litem of her report, the defendant apparently changed his mind and again began to assert his desire to maintain visitation with the child.

The pleadings filed in the matter raised an issue of the defendant's mental fitness with respect to his exercise of visitation with the child. Ongoing efforts to obtain mental health records of the defendant were vigorously opposed by him. Eventually, certain records of his treatment at the VA Hospital were submitted to the Court and provided to defendant's counsel so that they could be reviewed for discoverable information. The defendant eventually proposed that he submit to a psychological evaluation by a doctor of his choosing, and an order was entered on December 16, 2002, providing that those parties would submit to psychological evaluations. The order further required that, prior to receiving his psychological evaluation, the defendant submit all of his records from the VA hospitals to the doctor for review prior to the examination. Since the date of entry of the order, the defendant has not submitted himself or his records for examination.

The defendant has now reported by and through his counsel that he no longer wishes to pursue visitation with the child of the parties. Defendant's counsel has represented to the Court, and it has been established to the Court's satisfaction that the father has been declared disabled by the Social Security Administration based on a ~~diagnosis of~~ post traumatic stress syndrome, and the child of the parties is receiving social security benefits based on the disability of her father.

MICROFILM
DOCUMENT CONTROL
NO. 7593
CAMERA OPERATOR

Peterson v. Peterson
Page 3

The defendant has requested that such benefits serve in lieu of the payment of child support, since the plaintiff has agreed that she will accept said payments on behalf of the child in lieu of child support, recognizing that the defendant's disability prevents his gainful employment. In addition, the parties have agreed that any arrearage which accrued before the payment of social security benefits has been satisfied by the initial lump sum benefit payment made to the plaintiff on behalf of the child.

The Court finds that the agreement between the parties in the case is in the best interest of the child concerned, as the Court has been unable to ascertain whether the defendant is mentally capable of exercising appropriate visitation with the minor child. The Court's opportunity, by way of the psychological evaluaton, to obtain a clearer picture concerning that matter is now unavailable due to the defendant's decision not to participate therein.

THEREFORE, IT IS HEREBY ORDERED, that the final order entered in Civil Action No. 97-V-59799, Houston Superior Court, providing for visitation and child support concerning the minor child of these parties, is hereby modified to terminate all provision for visitation by the defendant John Kennedy Peterson with the minor child of the parties, Scarlet Ashton Peterson. It is further ordered that the provisions concerning the payment of child support contained in said order of the Houston Superior Court are modified to provide that the social security benefits which the minor child is now receiving on account of the defendant's disability shall satisfy all requirements for payment of child support by the defendant. The defendant shall have no claim to any lump sum award of benefits which may have been paid to the plaintiff on behalf of the

MICROFILM
DOCUMENT CONTROL
NO. 7593
CAMERA
OPERATOR

Peterson v. Peterson
Page 4

minor child of the parties after the initiation of the disability action with the Social Security Administration by the defendant. The defendant shall not be liable for further payments of support for so long as he remains disabled and the child receives social security benefits on account of said disability, or until such time as Georgia law provides that he would no longer be liable for said support.

This order modifies only those provisions of the decree of the Houston Superior Court referred to herein, and all other such provisions shall remain in full force and effect as set forth therein.

\* See additional paragraph below.

SO ORDERED, this ___13___ day of March, 2003.

*[signature: Martha C. Christian]*

MARTHA C. CHRISTIAN, JUDGE
Superior Court of Bibb County

Prepared by and executed
on behalf of plaintiff by:

*[signature]*

Michael L. Chidester
Attorney for Plaintiff
State Bar No. 124406
P. O. Box 1704
Byron, GA 31008
(478) 956-1643

Approved by and executed
on behalf of the defendant by:

\*\*_____
John E. Goodner
Attorney for Defendant
State Bar No. 301425
830 Mulberry Street, Suite 100
Macon, GA 31201-6715

*MCC* \*The plaintiff shall provide either the defendant or his attorney with the child's mailing address and, if the child has an e-mail address, that e-mail address, until the child attains the age of 18.

\*\* *John Goodner, for Defendant and with express permission of Michael L. Chidester*

MICROFILM
DOCUMENT CONTROL
NO. 7593
CAMERA OPERATOR