IN THE SUPERIOR COURT OF HOUSTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PANDITA CHARM-JOY SEAMAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No: 10-V-102063-K |
| vs. | ) |
| | ) |
| JOHN KENNEDY PETERSON, | ) |
| Defendant. | ) |

## COMPLAINT FOR LEGAL SEPARATION AND PETITION FOR FAMILY VIOLENCE PROTECTIVE ORDER

**COMES NOW** Plaintiff, **PANDITA CHARM-JOY SEAMAN,** in the above-styled case, by and through counsel of record, **A. James Rockefeller, Esq.**, Rockefeller Law Center, P.C., and states her claims against Defendant, **JOHN KENNEDY PETERSON,** as follows:

### COUNT 1 – LEGAL SEPARATION

1.

Plaintiff is a citizen of Jamaica, has a green card for the United States, and a student visa for Mexico, but is currently living at 3573 Valley Drive, Perry, Houston County, Georgia.

2.

Defendant is a resident of an unknown address in Houston County, Georgia, and has been a resident of the State of Georgia for six months prior to the filing of this Complaint.

3.

Plaintiff and Defendant were lawfully married on February 2, 2002, in Macon, Bibb County, Georgia.

4.

The parties separated in February of 2010, and since that date have continuously lived in a bona fide state of separation.

5.

There are four (4) minor children at issue of the marriage between the parties. The name and age of which are: ███████████████████ born N███████, age eight (8) years; ( ███████████████ ██████ ), age six (6) years;

HOUSTON SUPERIOR COURT

NOV 1 0 2010

BY ██
DEPUTY CLERK

PLAINTIFF'S EXHIBIT 32

Rockefeller Law Center, PC
102 Tommy Stalnaker Dr.
PO Box 7385
Warner Robins, GA 31095
Telephone: (478) 953-6955

born ~~~~~~~~~, age five (5) years; and, S~~ ~A~ ~S~ ,P~~ ~~~, age four (4) years.

6.

Plaintiff shows that said minor children have resided with the parties herein since their birth, that no proceeding other than this action, and juvenile court deprivation actions, has ever been initiated concerning the custody of said child and Plaintiff knows of no individual other than the parties to this action who have any claim of custody or visitation rights concerning said children. The minor children of the parties are currently in the custody and control of Defendant.

7.

Plaintiff is filing this petition, seeking permanent and temporary alimony and child support, equitable division of marital assets and debts, and for a determination on custody and visitation, pursuant to O.C.G.A. § 19-6-10, et seq..

8.

Plaintiff and her minor children are substantially dependent upon the Defendant for their support and maintenance and Plaintiff is entitled to receive child support and temporary and permanent alimony from Defendant, who is earning funds adequate for their support and maintenance.

9.

The property and earnings of Plaintiff are listed as follows:

(a) Plaintiff is presently self-employed as a graphic designer and earns approximately $1,000.00 in gross monthly income.

(b) Plaintiff has assorted household furnishings and electronics.

10.

The property and earnings of Defendant are listed as follows:

(a) Defendant is presently receiving disability and is otherwise currently unemployed.

(b) Defendant has assorted household furnishings and possessions.

11.

WHEREFORE, Plaintiff demands as follows:

(a) That Plaintiff be granted this request for legal separation from Defendant;

(b) That Plaintiff be awarded possession of the furniture and appliances in Plaintiff's possession;

(c) That Plaintiff be awarded possession of and title to all vehicles in Plaintiff's possession;

(d) That Plaintiff be awarded temporary and permanent custody of

(e) That Plaintiff be awarded temporary and permanent child support and rehabilitative alimony;

(f) That Plaintiff be awarded reasonable attorney's fees and expenses of litigation for representation during the course of these proceedings;

(g) That Defendant be ordered to assume responsibility for all other debts in Defendant's name;

(h) That any other and further marital property and marital debts of the parties be equitably divided;

(i) That Plaintiff shall have such other and further relief as the Court may consider equitable and appropriate under the circumstances;

(j) That a Rule Nisi issue requiring the Defendant to show cause why the temporary relief requested in this Complaint should not be granted; and,

(k) That process issue as provided by law.

### COUNT 2 – FAMILY VIOLENCE PROTECTIVE ORDER

12.

Plaintiff realleges and incorporates all paragraphs set forth above.

13.

Defendant spirited the parties' children from Plaintiff, including across international boundaries, under false pretenses, having been ordered by a Mexican Magistrate to return the children to Plaintiff after visiting with them for the day in Mexico. (See "Conciliatory Hearing", incorporated herein as Exhibit A.)

14.

Defendant is violent and emotionally unpredictable and recently threatened to "destroy"

Plaintiff, before stealing her children from her; he has been repeatedly violent in the past and even recent past towards Plaintiff and has committed numerous prior acts of violence. (See "Affidavit", incorporated herein as Exhibit B).

15.

Based on the foregoing, Plaintiff submits that she and her four (4) minor children, are in immediate danger for their physical safety and well-being and that she has made the appropriate showing that there is sufficient reason to believe that there is a substantial likelihood of immediate danger of family violence.

16.

As such **PLAINTIFF** requests that a temporary and permanent restraining order be issued against **DEFENDANT**, and seeks the following relief, as to Plaintiff, and her four (4) minor children,

(a) That **DEFENDANT** shall be permanently and temporarily enjoined from doing or attempting to do, or threatening to do, any act of injury, maltreating, molesting, harassing, harming or abusing the **PLAINTIFF** and her aforementioned minor children, in any manner;

(b) That **DEFENDANT** shall be permanently and temporarily restrained and ordered from having any direct or indirect contact with **PLAINTIFF** and her aforementioned minor children, in any manner, and as specifically set forth below;

(c) That **DEFENDANT** shall be permanently and temporarily restrained and ordered to stay, at all times, at least **150 yards away** from **PLAINTIFF** and her aforementioned minor children, in any manner, and as specifically set forth below;

(d) That **DEFENDANT** shall be permanently and temporarily restrained and ordered to stay, at all times, at least **150 yards away** from **PLAINTIFF'S,** and her aforementioned minor children's, residence now at **3573 Valley Drive**, Perry, Houston County, Georgia, or at any other residence where they shall reside or stay;

(e) That in addition to the above, **Defendant** shall be permanently and temporarily restrained and ordered to stay, at all times, at least **150 yards away** from the premises and

curtilage of any **_schools_** being attended by the aforementioned minor children including, but not limited to: **_Instituto Terranova_**;

(f) That in addition to the above, **DEFENDANT** shall be permanently and temporarily restrained and ordered to make no phone calls, direct or indirect, to **PLAINTIFF** and the aforementioned minor children, including but not limited to: any residence, cell phones, beepers, work phones, or school phones;

(g) That **PLAINTIFF** shall be awarded both sole and exclusive temporary and permanent custody of the aforementioned minor children of the parties;

(h) That **PLAINTIFF** shall be awarded reasonable attorney's fees and expenses of litigation for legal representation during the course of these proceedings;

(i) That Plaintiff shall have such other and further relief as the Court may consider equitable and appropriate under the circumstances;

(j) That **DEFENDANT** be required to show cause why the relief requested in this Complaint should not be granted no less than ten (10) days from the date of this Petition, nor more than thirty (30) days; and,

(k) That process issue as provided by law.

**Respectfully submitted,** this \_\_\_\_ day of November, 2010

By: _____
A. James Rockefeller, Esq.
Attorney at Law
State Bar Number: 611214

Page -5-

**STATE OF GEORGIA**

**COUNTY OF HOUSTON**

### VERIFICATION

I hereby swear and affirm that the information included in the within and foregoing "Complaint for Legal Separation and Petition for Family Violence Protective Order" is true and correct to the best of my knowledge, information and belief.

This 9th day of November, 2010.

_____
Signature of Affiant

Pandita C-J Seaman
Print Name

Sworn To And Subscribed
This 9th day of November, 2010.

_____
NOTARY PUBLIC



Rockefeller Law
Center, PC
102 Tommy Stalnaker Dr.
PO Box 7385
Warner Robins, GA 31095
Telephone: (478) 953-6955
Facsimile: (478) 953-7364