FILE. 1911/2010

ACKNOWLEDGED.-

GUADALAJARA, JALISCO, NOVEMBER 24 OF THE YEAR 2010 TWO THOUSAND TEN.

We receive the writ subscribed by **PANDITA CHARM JOY SEAMAN**, presented before the Bureau of Reception of Documents of the Council of the Judicature of the State on the 4th (fourth) of June of this current year, as petitioned pursuant to the parameters stipulated by Arabic numbers 258, 403 and 404 of the Civil Code in relation to Articles 1, 2, 21, 40, 161 fraction XII, 266, 267, 268, 270 of the Civil Code of Procedures, both legal codes of the State, **WE ACKNOWLEDGE** the petition filed against **JOHN KENNEDY PETERSON** as acceptable by law and by **ORDINARY CIVIL PROCEEDINGS** for the dissolution of the marriage that united the petitioner to the now defendant, for the provisional and definitive custody of their progeny, for the loss of the *patria potestas* and for all the other reasons indicated in her petition.

Hence, serve Mr. **JOHN KENNEDY PETERSON** with the simple copies to this effect and summon him and let him know that he has **08 EIGHT DAYS** to answer the complaint filed against him with the warning that if he does not do so, he shall be held presumptively as having confessed to the facts acknowledged against him and the trial shall proceed against him by default.

In regards to the other items petitioned pursuant to the provisions of Article 225 of the Law of Procedure of the Matter linked to numerals 414 fraction IV and 572 of the Civil Code of the State to acknowledge the records spread upon the file and which deserve full probative value pursuant to the provisions of Arabic number 402 of the Adjective Civil Law, that the underage children S_____, both surnamed _____ both surnamed _____, are as of this date 3, 8, 5 and 6, four years old and since they have always been under the protection and custody of their mother, and with the purpose of avoiding disturbing them emotionally, it should be decreed and **it is decreed as precautionary measure that the temporary custody** of the minors S_____, both surnamed F_____N, be in favor of Mrs. **PANDITA CHARM JOY SEAMAN**; the following criterium is applicable to this case by analogy which translates and reads textually as such:



PLAINTIFF'S EXHIBIT 35

**PREVIOUS INCIDENT PROCEEDING TO PUT THEM UNDER THE PROTECTION AND CUSTODY OF THEIR MOTHER PROVIDED THEY ARE NOT OLDER THAN FIVE OR SEVEN YEARS OF AGE (LAW OF THE STATE OF JALISCO).** – *It is not necessary to subject the request of petition of the mother to incidental proceedings to be granted the protection and custody of her underage children, since pursuant to Article 315 and 336 fraction VI of the Civil Code of the State, sons and daughters under the age of five shall stay with their mother; likewise, pursuant to Article 227 of the Civil Procedure of Jalisco, children under the age of seven must be under the care of their mother, hence it may be deduced that the legislator from the State of Jalisco decided that during the respective period of trial as well as at the moment of the decision of the judges, if the spouses have children under the ages of five and seven, these children shall be under the protection and custody of their mother. Thus is the aforementioned based on judicial knowledge that legislators do not make redundant or contradictory provisions and when they do so, it is based on the principle of judicial hermeneutics in order for the provisions of the law to be interpreted harmoniously in such a way that these provisions are valid not only individually but are complemented by the remaining provisions. Then, from the provisions aforementioned it can be deduced clearly from the provisional proceeding, that in case of void or illicit matrimonies as pre-judicial act in a trial for divorce or in the final judgment taken in a proceeding of such nature, the law imposed upon the judge the obligation of "always" and "in any case" that the underage children mentioned be under the protection and custody of their mother, obviously without mediating the incidental proceeding since this was precisely the will of the legislator, of what appears as a reasonable situation which can be easily explained if we take into consideration the fact that a human being at that age needs extreme cares, great protection and love that only a mother can provide, even though any other individual, including the father, could provide such care, at least in normal situations, these individuals would never be able to substitute the qualified attention that nature has granted a mother towards her children. The failure of the father to attend the hearing in order to claim such right, does not oppose such reasoning since from the text of the provisions cited we can perceive that it was the will of the legislator to invert the factors to grant first the natural protection of the mother to the underage children and then grant the father the right to a hearing, so that afterwards, by means of the incidental proceeding in case of any inconvenience indicated by the law itself or by any other law that would adjudicate the right to the father to carry out proceedings of nonconformity of the granting of the custody of the underage children, as shown clearly in the provisions referred to, by placing the possibility of opposition of the father of the children in second place.* **THIRD COLLEGIATED COURT OF LAW IN CIVIL MATTERS OF THE THIRD DISTRICT. Protection under revision 133/998. Vidal Pérez Gallardo in his own representation and as joint**

representative of Feliciana Gallardo Delgado. March 6, 1998. Majority of votes. Dissenting: Jorge Figueroa Cacho: Judge. Arturo Barocio Villalobos. Clerk: Ausencio Salvador García Martínez. Protection under revision 783/94. Elizabeth Hines Sicilia. November 30, 1994. Majority of votes. Dissenting: Jorge Figueroa Cacho. Judge: Julio Ibarrola González. Clerk: Luis Bosco Gutiérrez Rodríguez.-

Keep the record of the adscription open to be inspected by the **Agent of the Social Attorney General's Office** for effects of his representation.

YOU ARE SERVED.-

THE JUDGE OF THE FOURTH FAMILY COURT OF LAW
Illegible signature
ELSA NAVARRO HERNANDEZ
COURT CLERK
Illegible signature
MARTA DEL ROCIO TIOS GONZÁLEZ

CISC /M/fv

THE C. [citizen] COURT CLERK OF THE FOURTH FAMILY COURT, ATTORNEY MARIA DEL ROCIO RIOS GONZALEZ, SPREAD UPON THE RECORDS AND CERTIFIES, that the present certified photocopies tally truly the originals she had at sight, taken from the present ORDINARY CIVIL TRIAL, filed by PANDITA CHARM JOY SEAMAN, against JOHN KENNEDY PETERSON, file number 1911/2010 which consists of two (2) pages of text which are spread on the records for the corresponding certification.------------------------------------
----------------------------------------------------------------------------------SPREAD UPON THE RECORDS.

THE COURT CLERK
Illegible signature
MARIA DEL ROCIO RIOS GONZÁLEZ

SEAL: THE COUNCIL OF THE JUDICATURE
     OF THE STATE OF JALISCO
     FIRST JUDICIAL DISTRICT
     FOURTH FAMILY COURT



I, LINDA GRIMARD DI VENERE, Certified Translator authorized by the Council of the Judicature of the State of Jalisco, as stated in Law Journal No. 93, dated May 24, 2010, **DECLARE:** that the preceding document is a true translation of its text originally written in Spanish which single copy has been translated into English to the best of my knowledge and is attached to this document.

The translation of File 1911/2010 SEAMAN VS KENNEDY PETERSON consists of three (3) single pages.

Guadalajara, Jalisco, November 26, 2010

_____
Linda Grimard Di Venere