IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

PANDITA CHARM-JOY SEAMAN, : CAF 5 : 10-CV-462

    Petitioner     :

VS.           :   Filed at 9:57 A.M.
               12-9, 2010
               Nora Paul
JOHN KENNEDY PETERSON, :  Deputy Clerk, U.S. District Court
               Middle District of Georgia

    Respondent    :

### **RESPONSE OF JOHN KENNEDY PETERSON**

  COMES NOW the respondent and states his response to the petition for relief filed by Pandita Charm-Joy Seaman and states the following.

I.

  The Court lacks jurisdiction over this matter pursuant to 42 USC §11603 because all of the evidence available shows that the child was a habitual resident of the United States of America and not of Mexico at the time the respondent returned to Georgia with the children. The balance of the issues raised in this pleading is made subject to that defense and without waiving the defense of jurisdiction over the subject matter and person of the party of the defendant.

II.

  The habitual residence of the children at all times and certainly immediately before the alleged wrongful detention or taking was not in a foreign country. It was not Mexico, as the habitual residence of the children was at all times and particularly immediately before the alleged taking that of Houston County, Georgia in the United States of

GEORGE L. WILLIAMS, JR.
ATTORNEY AT LAW
127 CARL VINSON PARKWAY
WARNER ROBINS, GA 31088

TELEPHONE: (478) 923-0236
FACSIMILE: (478) 923-1634

America. See Exhibit # D-1 which is the affidavit of Susan McNally and D-2 which is the Deprivation Petition.

### III.

The respondents exercise of custody rights over his children are not done in violation of derogation of any foreign countries law, including that of Mexico, as these children were never residents of Mexico and the respondent has not been served with any proceedings in Mexico that undertook or ever determined custody rights of these parties.

### IV.

Respondent has at all times been exercising proper and appropriate custody rights at the time of his having the children in his possession. Furthermore, since he is taking the children outside of Mexico the respondent has at all times exercised appropriate conduct with respect to these children including that of obtaining necessary medical care for them and reporting to lawful authorities the situation and conditions of the children at the time they came to Georgia. Respondent has not interfered with the petitioner's exercise of custody rights and her custody rights are subject to determination under the state laws of Georgia. As a matter of fact she is presently being granted supervised visitations with the children under the Houston County Juvenile Court Order.

### V.

The petitioner is seeking relief which although statutory and based on a treaty involves equitable request for relief and the petitioner has failed to come into this court with clean hands seeking such relief. She has attempted to secret the children and keep them away from this respondent by hiding the Birth Certificates and Passports of the children while the children were residing on a temporary basis in Mexico. Furthermore, she has neglected the children and failed to provide adequate care for them on the occasions when they were in her custody. This is supported by the medical evidence that has already been made available in the State Courts involving this case.

VI.

The petitioners association with the Cult as "The Family", or "The Family International" is extensive and harmful to these children. There is ample evidence that this Cult has been involved in sexually promiscuous conduct that is harmful to these children if the children were allowed to be placed with the mother. The Cult has a history of condoning child molestation and other child cruelty whether the standards of those applied in the United States or Mexico were considered.

VII.

Respondent addresses each paragraph contained in the petition to the best of his ability and based on his knowledge, information and belief, under the pain and penalty of perjury as a verified response and he states the following with respect to each paragraph in the petition.

1.

Paragraph 1 under I Preamble requires no response.

2.

Paragraph 2 under I requires no response except respondent states that the child was not wrongfully retained from a lawful detention or removed from Mexico.

3.

Paragraph 3 under II Jurisdiction is disputed as is stated above because the child was not a habitual resident of Mexico and the bringing of the child home to the United States by the respondent was not contrary to any law in Mexico or the United States.

4.

In response to paragraph 4 under III Status of the Petitioner and Child, respondent acknowledges that he is the father of these children and that the parties were married as stated. Respondent denied that the

parties were separated February, 2010. They lived as husband and wife and engaged in marital relations up until July, 2010. At all times when the respondent, petitioner and the children were residing in Mexico they were legal residents of Houston County, Georgia. They maintained their place of residence in Houston County, Georgia and their living in Mexico was always of a temporary nature. The petitioner chose her place of residence to be Houston County, Georgia with regard to receipt of VA Benefits from the respondent and she has told various people involved in the current investigations regarding these children that she was a resident of Houston County, Georgia.

5.

Paragraph 5 is admitted.

6.

Paragraph 6 requires no response as it is a statement to what the convention provides and requires no admission or denial, except respondent denies that the habitual residence of the children was Mexico. He furthermore denies that he breached the petitioner's custody rights or that his removal of the children from Mexico was wrongful. The Juvenile Court in Houston County, Georgia has provided for the rights of the parties to be exercised in compliance with the Georgia Law under that conditions in which the children are presently found by that court. Furthermore, the petitioner conspired with her father in Mexico to hide the children's documents that permit travel in the form of Passports and Birth Certificates.

7.

Paragraph 7 of the petition is denied as the removal of the children was not wrongful and does not violate part 4 of the convention. Respondent removed the children from Mexico because they were in grave danger of mistreatment. It was not done contrary to the law of Mexico and it was not done contrary to any court order in Mexico as there were no actions pending and no order in place at the time the respondent moved the children to their home in Georgia. Respondent left Mexico with the children on October 2, 2010 and arrived in Georgia on October 5, 2010. At all these times the children

were not habitually residents of Mexico but were in fact residents of the state of Georgia. Furthermore, the respondent did not keep the children from the petitioner. Respondent promptly filed a Court action in Georgia which he considered would have determined the rights of the parties with respect to the children.

8.

With respect to paragraph 8, respondent acknowledges that petitioner may have made a Request For Return. This is in no way a court order and neither does it indicate or establish that a Court Order existed. Furthermore, on page 4 of Exhibit 6 in the bottom portion, Petitioner Acknowledges; petitioner acknowledges that the respondent had possession of the children by mutual agreement of the parties. This is totally inconsistent with her claim that there was a court order in place at the time or that a divorce was pending.

9.

Respondent denies paragraph 9 as it is untrue. The children are under sixteen years of age. The removal of the children from Mexico is not wrongful or contrary to law. They did not habitually reside in Mexico but in fact resided in Georgia. Consequently, article 3 of the convention does not apply. Petitioner's Exhibit 7 indicates that the children attended school in Chapala and during the period from August 23rd until September 24th of the year 2010 through 2011. Petitioner actually removed the children from school. The respondent did not. Petitioner removed the children from school and she moved with the children to Guadalajara, Mexico about the 24th of September. Petitioner did not reenroll the children in school after they were removed on the 24th of September. The petitioner's father Crispin Seaman had recommended to the petitioner that she give the children a break from school. It is a custom in the Cult known as "The Family" for the children not to attend school.

10.

Paragraph 10 is denied that the petitioner has custody rights under the laws of Mexico. The code sections attached as Exhibit 8 failed to show the procedure involved in the obtaining of a divorce in

Mexico were custody of the children is to be determined. Furthermore, the respondent has never been served with any petition for a divorce or court order dealing with custody involving the courts in Mexico. The Mexican law, whatever it is was never applied to the marital relationship or divorce of these parties.

11.

The respondent acknowledges that the first two sentences in paragraph 11 are correct. He left Mexico in July, 2010 and returned home to the United States. He returned to Mexico about the 24th of September. He denies that he broke into the petitioner's home and assaulted her. The transcript of the Juvenile hearing does not amount to an admission of breaking into the house or assaulting anyone. Respondent paid the rent on the house and he was attacked by the petitioner.

12.

Paragraph 12 is denied.

WHEREFORE the respondent respectfully requests the Court to allow him some additional time to respond to the rest of the petitioner's complaint.

This 9th day of December, 2010.

GEORGE L. WILLIAMS JR.
Attorney for the Respondent
State Bar No. 761800

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this day served a true and correct copy of the foregoing pleading, upon:

A. James Rockefeller
Rockefeller Law Center
542 S. Houston Lake Road, Suite G-100
P. O. Box 7385
Macon, GA  31095-7835

(X)  By handing a copy of the same to A. James Rockefeller;

(  )  Via facsimile transmission to _____;

(  )  By placing a copy of the same in a properly addressed envelope in the U. S. Mail with adequate postage thereon to ensure delivery.

This 9th day of December, 2010.

_____
GEORGE L. WILLIAMS, JR.
Attorney for Defendant
State Bar #761800

127 Carl Vinson Pkwy.
Warner Robins, GA  31088
478/923-0236