IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

PANDITA CHARM-JOY SEAMAN,  : CAF 5 : 10-CV-462

       Petitioner               :

VS.                                     :

JOHN KENNEDY PETERSON,    :

       Respondent             :

## **RESPONSE OF JOHN KENNEDY PETERSON**

      COMES NOW the respondent and states his response to the petition for relief filed by Pandita Charm-Joy Seaman and states the following.

I.

      The Court lacks jurisdiction over this matter pursuant to 42 USC §11603 because all of the evidence available shows that the child was a habitual resident of the United States of America and not of Mexico at the time the respondent returned to Georgia with the children. The balance of the issues raised in this pleading is made subject to that defense and without waiving the defense of jurisdiction over the subject matter and person of the party of the defendant.

II.

      The habitual residence of the children at all times and certainly immediately before the alleged wrongful detention or taking was not in a foreign country. It was not Mexico, as the habitual residence of the children was at all times and particularly immediately before the alleged taking that of Houston County, Georgia in the United States of

America. See Exhibit # D-1 which is the affidavit of Susan McNally and D-2 which is the Deprivation Petition.

III.

The respondents exercise of custody rights over his children are not done in violation of derogation of any foreign countries law, including that of Mexico, as these children were never residents of Mexico and the respondent has not been served with any proceedings in Mexico that undertook or ever determined custody rights of these parties.

IV.

Respondent has at all times been exercising proper and appropriate custody rights at the time of his having the children in his possession. Furthermore, since taking the children outside of Mexico the respondent has at all times exercised appropriate conduct with respect to these children including that of obtaining necessary medical care for them and reporting to lawful authorities the situation and conditions of the children at the time they came to Georgia. Respondent has not interfered with the petitioner's exercise of custody rights and her custody rights are subject to determination under the state laws of Georgia. As a matter of fact she is presently being granted supervised visitations with the children under the Houston County Juvenile Court Order.

V.

The petitioner is seeking relief which although statutory and based upon a treaty, involves an equitable request for relief but the petitioner has failed to come into this court with clean hands seeking such relief. She has attempted to secret the children and keep them away from this respondent by hiding the Birth Certificates and Passports of the children while the children were residing on a temporary basis in Mexico. Furthermore, she has neglected the children and failed to provide adequate care for them on the occasions when they were in her custody. This is supported by the medical evidence that has already been made available in the State Courts involving this case.

VI.

The petitioners association with the Cult as "The Family", or "The Family International" is extensive and harmful to these children. There is ample evidence that this Cult has been involved in sexually promiscuous conduct that is harmful to these children if the children were to be placed with the mother. The Cult has a history of condoning child molestation and other child cruelty whether the standards of those applied in the United States or Mexico were considered.

VII.

Respondent addresses each paragraph contained in the petition to the best of his ability and based on his knowledge, information and belief, under the pain and penalty of perjury as a verified response and he states the following with respect to each paragraph in the petition.

1.

Paragraph 1 under I Preamble requires no response.

2.

Paragraph 2 under I requires no response except respondent states that the child was not wrongfully retained from a lawful detention or removed from Mexico.

3.

Paragraph 3 under II Jurisdiction is disputed as is stated above because the children were not habitual residents of Mexico and the bringing of the children home to the United States by the respondent was not contrary to any law in Mexico or the United States.

4.

In response to paragraph 4 under III Status of the Petitioner and Child, respondent acknowledges that he is the father of these children and that the parties were married as stated. Respondent denied that the

parties were separated February, 2010. They lived as husband and wife and engaged in marital relations up until July, 2010. At all times when the respondent, petitioner and the children were residing in Mexico they were legal residents of Houston County, Georgia. They maintained their place of residence in Houston County, Georgia and their living in Mexico was always of a temporary nature. The petitioner chose her place of residence to be Houston County, Georgia with regard to receipt of VA Benefits from the respondent and she has told various people involved in the current investigations regarding these children that she was a resident of Houston County, Georgia.

5.

Paragraph 5 is admitted.

6.

Paragraph 6 requires no response as it is a statement to what the convention provides and requires no admission or denial, except respondent denies that the habitual residence of the children was Mexico. He furthermore denies that he breached the petitioner's custody rights or that his removal of the children from Mexico was wrongful. The Juvenile Court in Houston County, Georgia has provided for the rights of the parties to be exercised in compliance with the Georgia Law under that conditions in which the children are presently found by that court. Furthermore, the petitioner conspired with her father in Mexico to hide the children's documents that permit travel in the form of Passports and Birth Certificates.

7.

Paragraph 7 of the petition is denied as the removal of the children was not wrongful and does not violate part 4 of the convention. Respondent removed the children from Mexico because they were in grave danger of mistreatment. It was not done contrary to the law of Mexico and it was not done contrary to any court order in Mexico as there were no actions pending and no order in place at the time the respondent moved the children to their home in Georgia. Respondent left Mexico with the children on October 2, 2010 and arrived in Georgia on October 5, 2010. At all these times the children

were not habitually residents of Mexico but were in fact residents of the state of Georgia. Furthermore, the respondent did not keep the children from the petitioner. Respondent promptly filed a Court action in Georgia which he considered would have determined the rights of the parties with respect to the children.

8.

With respect to paragraph 8, respondent acknowledges that petitioner may have made a Request For Return. This is in no way a court order and neither does it indicate or establish that a Court Order existed. Furthermore, on page 4 of Exhibit 6 in the bottom portion, Petitioner Acknowledges; petitioner acknowledges that the respondent had possession of the children by mutual agreement of the parties. This is totally inconsistent with her claim that there was a court order in place at the time or that a divorce was pending.

9.

Respondent denies paragraph 9 as it is untrue. The children are under sixteen years of age. The removal of the children from Mexico is not wrongful or contrary to law. They did not habitually reside in Mexico but in fact resided in Georgia. Consequently, article 3 of the convention does not apply.  Petitioner's Exhibit 7 indicates that the children attended school in Chapala and during the period from August 23rd until September 24th of the year 2010 through 2011. Petitioner actually removed the children from school. The respondent did not. Petitioner removed the children from school and she moved with the children to Guadalajara, Mexico about the 24th of September. Petitioner did not reenroll the children in school after they were removed on the 24th of September. The petitioner's father Crispin Seaman had recommended to the petitioner that she give the children a break from school. It is a custom in the Cult known as "The Family" for the children not to attend school.

10.

Paragraph 10 is denied that the petitioner has custody rights under the laws of Mexico. The code sections attached as Exhibit 8 failed to show the procedure involved in the obtaining of a divorce in

Mexico were custody of the children is to be determined. Furthermore, the respondent has never been served with any petition for a divorce or court order dealing with custody involving the courts in Mexico. The Mexican law, whatever it is was never applied to the marital relationship or divorce of these parties.

11.

The respondent acknowledges that the first two sentences in paragraph 11 are correct. He left Mexico in July, 2010 and returned home to the United States. He returned to Mexico about the 24th of September. He denies that he broke into the petitioner's home and assaulted her. The transcript of the Juvenile hearing does not amount to an admission of breaking into the house or assaulting anyone. Respondent paid the rent on the house and he was attacked by the petitioner.

12.

Paragraph 12 is denied.

13.

Paragraph 13 is denied; as the respondent denies that the content of the report is true.

14.

Respondent denies that this preceding was done before a Mexican Magistrate; it was a conservator official, who is comparable to a mediator.

15.

Respondent acknowledges that he left Mexico with the children and has testified as such at the trial at the time that was about October 2, 2010, he left because he was afraid for the welfare of the children. The petitioner, mother had taken the children's passports and kept them from the father for a period of over a year. She was assisted in this by her father.

16.

Respondent denies that his leaving Mexico with the children violated any law of the United States or Mexico. He was allowed to exit Mexico with the children after he displayed two Mexican authorities proof that the petitioner, mother was not a citizen of Mexico but was in fact there on a temporary visa. Furthermore, the respondent feels that to the best of his information and belief, petitioner is not entitled to return to Mexico because she is not a citizen there; is not there on a valid visa; and has no sponsor. She is furthermore unable to establish that she has sufficient earnings to enable her to return to Mexico and certainly not with these children.

17.

Respondent undertook to file a deprivation action in the Juvenile Court of Houston County on about October 13, 2010. This action is clearly not frivolous and the Juvenile Court rulings have clearly indicated that the proceedings filed by this respondent were not frivolous. The petitioner's claim that she was not given adequate notice of the Juvenile Court proceedings in Houston County, Georgia is disputed as her notice was given in compliance with the law and she was given a full and fair hearing at all of the Juvenile Court proceedings that resulted in a Court Order.

18.

There is a clear and present danger that in the event these children were allowed to leave Georgia with the mother that they would be subjected to the grave threat of physical and psychological harm as a result of the mother's connection and involvement with the cult known as "The Family International". Respondent actually witnessed and observed acts of impropriety by members of this group toward children and there is an abundant amount of evidence that this cult organization has practiced sexual conduct that involves and harms children. This petitioner and her father have specifically in the presence of this respondent condoned such practices by members of the cult. The cult members practicing such conduct were excused by

the petitioner and her father because they considered that the acts were being performed by a prophet of God.

19.

The children were in a bad state of nutrition and health when they were examined in Georgia by Doctor Thomas Williamson, MD.

20.

The Juvenile Court's Order which was pronounced verbally in court is being reduced to writing and filed as a part of defendant's case, which will consist of a certified copy of the entire Juvenile Court proceedings.

21.

Respondent did not wrongfully remove the children and he openly and with Mexican Border Authorities consent was allowed to exit Mexico with these children. Petitioner's claim to having no contact with the children is false as the Juvenile Court provided for her to have a supervised visitation with the children which she has not exercised up until December 15, 2010.

22.

Respondent admits that the action is filed within one year of him removing the children but denies that his taking the children is wrongful, illegal, contrary to any Mexican law or contrary to any order.

23.

Respondent acknowledges that he is on VA Disability and does suffer from the condition known as PTSD and as a consequence of his Military Service to his Country. He disputes the content of the affidavit designated as Exhibit 16 & 17 and furthermore suggests to the Court that they are hearsay and not subject to cross examination.

24.

Respondent denies that he is violent and emotionally unpredictable person and that he has caused physical harm to this petitioner. Respondent contends and shows to this court that he has sought and received treatment for his VA Disability and with that treatment he is a suitable and appropriate person to be in the presence of and have custody of his children.

25.

Paragraph 25 is denied. Furthermore the respondent has never been convicted of or disciplined by any court relating to any accusations that were made by his ex-wife, Kristie Peterson. Furthermore, he expects that Kristie Peterson will testify before this court and give the court clarification as to the reasons for the charges shown in these reports. Furthermore, respondent objects that these reports contain hearsay to the extent that they are not based upon the testimony of Kristie Peterson.

26.

Paragraph 26 is denied and respondent anticipates that Kristie Peterson's testimony will clarify these accusations.

27.

Paragraphs 26 & 27 are disputed as plead and is anticipated that respondent's ex-wife Kristie Peterson will refute the allegations contained in those documents. They also contain hearsay to the extent that they are not based on Kristie Peterson's testimony.

28.

Respondent has not assaulted this petitioner. The Family Violence Order issued by the Superior Court was Ex-Parte. It was done in retaliation for respondent's filing the Juvenile case. It is not a Final Order and it is set for hearing on January 26, 2011.

29.

This paragraph is disputed and respondent states that he has never been served with any proceedings in Mexico relating to custody of his children.

30.

Paragraph 30 is denied in its entirety and specifically that there is a lack of service; the children were not smuggled illegally but openly and with the consent of the Mexican Government; and Petitioner is not being denied a relationship with her children. Furthermore, she specifically testified at the Juvenile Court that she could see the children in this country.

31.

Paragraph 31 is disputed as plead and the earlier answers contained herein cover this allegation.

32.

Paragraph 32 is specifically disputed as it is plead. Respondent further shows that his mental stability is well documented as well as his relationship with his children are well documented.

33.

Regarding paragraphs 33 through 40 respondent disputes that the relief requested is appropriate by virtue of the evidence to be presented and to be presented in this case. Specifically, respondent asserts that relief under the Georgia statute 19-9-40 et seq. provides for the return of these children to Mexico because the petitioner, mother is not a citizen or habitual resident of Mexico and that the relief requested is not appropriate on that statute. Furthermore, this petitioner has avoided the Georgia Court by dismissing the action she filed that would have dealt with such relief. Furthermore, the Juvenile Court in Houston County, Georgia presently has jurisdiction over these children, specifically with regard to the allegation in paragraph 9

respondent disputes that the petitioner has incurred any substantial legal expenses based as a result of the allegations she makes, as it is the respondent's belief that the cult to which she belongs, "The Family International" has paid her the expenses in this case. Furthermore, the respondent's actions did not testify such a recovery.

41.

The allegations in paragraph 41 were disputed and not supported by the evidence presented and to be presented in this case more specifically as to the residence of the children during this period and time.

### **RESPONDENT'S COUNTERCLAIM**

Respondent incorporates all the allegations contained in his aforestated response to the petition and further adds the following.

1.

Upon arrival in the United States with his four children that had been legally removed for Mexico by him, respondent promptly under took to obtain legal action to secure the protection of his children.

2.

The petitioner is a second generation and current member and participant in the cult known as "The Family International". This is a cult that has an established history and reputation of condoning sexual practices that are harmful and detrimental to children. These include condoning incestuous relationships with children and grandchildren of the members of this cult.

3.

The truth of the allegations contained in the immediate preceding paragraph is established through the contents of information downloaded from websites of the cult members that are available and will be presented as evidence at the trial.

4.

The petitioner and the members of her family comply with such practices and except them as being done by people who are Prophets of God.

5.

The petitioner is not a habitual resident of Mexico. Her presence in Mexico was only as a sponsor of this respondent. She lived there under a temporary visa which has not been renewed and which will not allow her to reenter Mexico with these children.

6.

The removal of these children from Mexico was done by this respondent based on a good faith fear and concern that the physical and psychological well being of his children was in grave danger under the circumstances under which the children were present in Mexico at the time of the respondent's departure.

WHEREFORE the respondent respectfully requests this court to grant the following relief.
1. That the court deny all of the relief requested in the petitioner's petition and allow the State Court proceedings involving these parties and these children to proceed.

This ___ day of _____, 2010.


_____
GEORGE L. WILLIAMS JR.
Attorney for the Defendant
State Bar No. 761800