IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN KENNEDY PETERSON, | )<br>)<br>) |
| Petitioner. | )<br>) |
| v. | ) CIVIL ACTION NO. 5:10-CV-462 (MTT)<br>) |
| PANDITA CHARM-JOY SEAMAN | ) |
| Respondent. | ) |

### EMERGENCY MOTION TO STAY ORDER

Now comes John Kennedy Peterson, respondent in above named case, now known as Plaintiff.

Plaintiff now comes before this honorable court and hereby requests this court to consider the following.

{1}

An emergency order to The United States District Court Middle Georgia Macon Division to issue a stay of order in the above named case.

{2}

To issue a restraining order to prevent Pandita Charm-Joy Peterson returning to Mexico with the children, until this honorable court has sufficient time to hear arguments in this case in their entirety.

# **Facts**

The parties involved in this case are currently involved in an action that involves the Hague Convention on the Civil Aspects of International Child Abduction. The case has been heard before the United States District Court – Middle District of Georgia. The result was not favorable, and is currently being appealed by the Petitioner, Mr. Peterson.

The Respondent, Pandita Seaman, is a second generation member of The Family International the cult formally known as The Children of God. The only ties she has to Mexico are self admitted members of said cult and now lives in a communal home of said cult.

One of the dangers associated with allowing the Respondent, Pandita Seaman, to return to Mexico with the children prior to the appellate judgment is the lack of cooperation that can be expected from the Mexican Central Authority. According to the State Department's "Report on Compliance with the Hague Convention on the Civil Aspects of International Child Abduction - April 2010," Mexico is considered to be a "Not Compliant" country. On page 22 of the report, the US State Department concluded that "The USCA observed noncompliance in the areas of law enforcement and judicial performance, and experienced serious difficulties communicating with the Mexican Central Authority (MCA) that resulted in costly inconvenience for LBPs and significant delays in processing return applications." The report also states that the response times are not only slow, but inconsistent: "In at least two instances, six months elapsed between the time the case was assigned to a court and the date of the first hearing; in another, seven months elapsed. In five other cases, it took between 16 and 55 months before the court held the first hearing on the application for return." Due to the egregious nature of the Mexican Central Authority's non-compliance, we assert that the appeal should be considered and ruled on prior to allowing any of the parties to return to Mexico.
(http://travel.state.gov/pdf/2010ComplianceReport.pdf)

## Questions to be considered

1. Safety and welfare of the children

2. Parental visitation rights

3. Basic and fundamental human rights.

## Request for Extension of Filing.

Plaintiff is a non-attorney and was given an extremely short time frame to appeal. Plaintiff respectfully asks this honorable court to issue an order to allow Plaintiff 30 days to file said appeal. The Plaintiff has the court protected right to proper appeal and the time currently granted is insufficient.

Sincerely,

Pro-Se, John K. Peterson
715 Randolph Avenue
Warner Robins Georgia