**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| PANDITA CHARM-JOY SEAMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-462 (MTT) |
| | ) | |
| JOHN KENNEDY PETERSON, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

In its previous Order (Doc. 53), the Court ordered that the Peterson children be returned to Mexico and that the Respondent pay the costs of the return. The Court deferred ruling on the following issues: (a) how much to award the Petitioner for the return of the children to Mexico; (b) whether to award the Petitioner any costs or fees in addition to the return costs; and (c) the amount of any such award. The Court will address each issue in turn below.

First, the Court must award the Petitioner an amount equal to the cost of returning children to Mexico. According to the Petitioner, five one-way tickets from Atlanta, Georgia to Guadalajara, Mexico will cost $3,965.00. The Respondent did not respond on this issue. Therefore, the Court will award the Petitioner $3,965.00 for the return of her children to Mexico.

Next, the Court must determine whether to award the Petitioner fees or expenses in addition to her return costs. The Petitioner requests an award of two different kinds of costs and fees: (1), for the costs associated with bringing her father and her sister to Macon to testify at hearings; and (2), for her attorney's fees. According to 42 U.S.C. §

11607, in issuing a return order, the Court is required "[to] order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." The Petitioner's first request, for the costs of bringing her father and sister to Macon for the hearings, is clearly outside of what the Court is required to award under the statute and the Petitioner failed to show the Court why it should award those costs. However, with respect to the Petitioner's second request, the Court must order the Respondent to pay the Petitioner's request for attorney's fees. The Respondent failed to respond on this point, and so was unable to show that such an award would be clearly inappropriate.

The Court next must determine the amount of the attorney's fees award. The Petitioner seeks for $23,819.61. However, not all of these fees relate to the instant proceedings. For example, all of the fees billed from October 28 to November 23, 2011 relate to state court proceedings. Striking all of the fees that do not relate to instant proceedings, the Court finds that the amount of Petitioner's counsel's fees is $14,447.50. Additionally, the Court finds that the Petitioner's counsel's rate is not excessive.

However, the inquiry does not end there. While the Respondent did not respond directly to this point, the Respondent was able to show that an award of $14,447.50 would be clearly inappropriate due to his straitened financial situation. *See Whallon v. Lynn*, 356 F.3d 138, 139-40 (1st Cir. 2004) (reducing attorney's fees by 65 percent due to the respondent's limited financial means); and *Rydder v. Rydder*, 49 F.3d 369, 373-

74 (8th Cir. 1995) (reducing attorney's fees by 46 percent due to the respondent's "straitened financial circumstances"). In his affidavit attached to his Motion to Proceed In Forma Pauperis (Doc. 63), a Motion that this Court granted, the Respondent showed that his financial situation is such that an award of attorney's fees for $14,447.50 would be clearly inappropriate. Therefore, this Court will reduce the attorney's fees by 65 percent.[1] Accordingly, the Court awards the Petitioner her attorney's fees in the amount of $5,056.63.

Finally, the Court notes that this ruling renders moot the Petitioner's Motion for Attorney's Fees (Doc. 64). Therefore, that motion is **DENIED** as moot.

**SO ORDERED**, this 2nd day of March, 2011.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT

jch

---

[1] This figure represents the largest reduction in fees either granted by or affirmed by a Circuit Court that this Court was able to find in its research into the matter.